MARTIN CLOTHING COMPANY ET AL. V. W. B. PAGE ET AL.

No. 49.

**1. Intervention—Fraudulent Attachments.**—Intervenors were junior attaching creditors of N. E. Albright, and sought to have prior attachments set aside, and to obtain priority of payment of their claim, upon the ground that the debtor had colluded with the prior attaching creditors, and consented to the issuance and levy of their attachments with intent to hinder, delay, and defraud his other creditors. There was further allegation that the grounds alleged for the prior attachments were not true, that one of the prior debts was amply secured by mortgage on realty, and that upon the sale of the goods attached, as perishable, the attorney for the prior attaching creditors had bought them in, and thereafter returned them to the possession of the debtor; all of which was alleged to be part of a plan by which the goods were to be placed beyond the reach of creditors. The petition was held good against a general demurrer.

**2. Same.**—A fraudulent diversion of a debtor's property is as frequently accomplished by a collusive suit as by a direct transfer, and both means are denounced by the statute in the same terms. It is true that in this case the claims of the prior attaching creditors are not alleged to be fictitious, but if the attachments were suffered or procured to be made for the use and benefit of the debtor, or if they were contrived between the parties with the intent to hinder, delay, or defraud other creditors, they would be invalid. ·

APPEAL from Houston. Tried below before Hon. F. A. WILLIAMS.

*Nunn & Nunn,* for appellants.—The court erred in sustaining the general demurrer to intervenors' petition. Johnson & Co. v. Heidenheimer, 65 Texas, 263; Bateman Bros. v. Ramsey, 74 Texas, 589; Lewis v. Railway, 73 Texas, 507; Trammell v. Trammell, 25 Texas Supp., 416; Green v. Dallahan, 54 Texas, 286; Prewitt v. Farris, 5 Texas, 376; Warner v. Bailey, 7 Texas, 517; Boynton v. Tidwell, 19 Texas, 121; Mayfield v. Averitt's Admr., 11 Texas, 140.

*Adams & Adams,* for appellees.—Appellants do not allege that the debt sued for by appellees against N. E. Albright was fraudulent or fictitious, nor that appellees knew the grounds set out in affidavit for attachment to be false; and in order to entitle appellants to the relief they seek, both above grounds must be alleged. Bateman v. Ramsay, 74 Texas, 589; Nenney v. Schluter, 62 Texas, 328.

GARRETT, CHIEF JUSTICE.—W. B. Page brought suit, in the District Court of Houston County, against N. E. Albright, and caused an attachment to be issued and levied on a certain stock of goods and lands belonging to the defendant. Similar suits were brought by John Albright and others. The goods were sold, as perishable property, by order of the district judge, made in chambers in the suit of W. B. Page, and the proceeds were paid in the registry of the court.

This appeal is from the judgment of the court below sustaining a general demurrer to the petition in intervention of appellants, as junior attaching creditors of said N. E. Albright, to set aside the attachments of Page and others, and establish the prior right of the intervenors to payment out of said attached property and its proceeds. John Albright and others were made parties to the intervention, and all proper parties were before the court.

The only error assigned is to the action of the court in sustaining the general demurrer to the petition in intervention. Special exceptions were filed, as well as a general demurrer, but in rendering judgment the court ignored the special exceptions and sustained the general demurrer.

Appellants' petition in intervention substantially set forth, that they were creditors respectively of N. E. Albright, and that they had levied their respective attachments on the stock of goods in question, and had their attachment lien foreclosed and judgment rendered upon their debts, but prior thereto the said W. B. Page and John Albright had attachments levied on the same stock of goods and the goods had been sold, and the money was now in the custody of the court; and praying that they be paid in preference of the said W. B. Page and John Albright, because, as they alleged, the said W. B. Page and John Albright did collude with, and arrange, agree, and combine with, the defendant N. E. Albright to the effect and with the understanding that the said defendant N. E. Al-

bright would consent, and he did consent and agree, that the said W. B. Page and John Albright might levy their said attachments upon his said stock of goods and all other property of his that was subject to execution, with the intent to hinder, delay, and defraud the creditors of N. E. Albright, and especially the complainants, who were then, and for some time before had been, bona fide creditors of the said N. E. Albright. · It was further shown, that the ground alleged in the suits for attachments by the said W. B. Page and John Albright was that the said N. E. Albright "is about to convert a part of his property into money for the purpose of placing it beyond the reach of his creditors," and complainants averred that the ground so alleged for attachment was not true in fact, and therefore there was no cause for the said attachments by the said W. B. Page and John Albright; and it was further averred, that the said W. B. Page claimed and asserted in his behalf a mortgage from the said N. E. Albright upon land as security for his said debt, in whole or in part, and the said security was sufficient to satisfy his said debt, or a large part thereof, and that the levy of the said attachment by him was in excess of any just demands he had against the said N. E. Albright, and consented to by the said N. E. Albright, as aforesaid, was in law and fact a voluntary disposition of his property in fraud of his other creditors; that at the time of the levy of the said attachments by the said W. B. Page and John Albright, the said N. E. Albright was largely in debt, and by reason of the said attachments and levies all of the defendant's property was seized and disposed of, so far as same could be reached by execution; and that the said N. E. Albright, about the same time, transferred, assigned, and made over to Earle Adams, of the firm of Adams & Adams, all the notes and accounts belonging to him, and other property, and the said Adams is and was the attorney for the said W. B. Page and said John Albright in their said suits against the said N. E. Albright; and that the said goods sold under the order of this court were bought in by the said Earle Adams, Esq., and his son, Joe Adams, who were associated together in the practice of law as partners, and the goods thereafter returned to the possession of the said N. E. Albright, who is now in possession and full control of same, selling, using, and disposing of the same according to his pleasure; all of which, it was alleged, was arranged and contrived as a part of the plan by which the said goods should be placed beyond the reach of creditors of the said N. E. Albright. It was alleged that all of said writs have been levied upon certain lands belonging to the defendant N. E. Albright, and appellants prayed that they be subjected to priority in favor of their writ.

We think that the petition is good on general demurrer. It is alleged that the attachment was the result of a collusive agreement between the plaintiff John Albright and the defendant; and that it was made with the intent to hinder, delay, and defraud the creditors of the defendant, and

especially the complainants, who were then, and for some time before had been, bona fide creditors of the said N. E. Albright. Rev. Stats., art. 2465. As stated in Johnson v. Heidenheimer, 65 Texas, 263, "a fraudulent diversion of a debtor's property may be as effectively, and is as frequently, accomplished by a collusive suit as by a direct transfer, and both means are denounced by the statute in the same terms." It is true that it is not alleged that the claims of Page and John Albright were fictitious, but the attachments would also be invalid, either because they were suffered or procured to be made for the use and benefit of the defendant, or that they were contrived between the parties with the intent to hinder, defraud, or delay the other creditors of the said N. E. Albright. Claflin v. Sylvester, 12 S. W. Rep., 508. Both of these grounds appear to have been substantially alleged; sufficiently so, at least, to be good on general demurrer.

For the error of the court below in sustaining the demurrer of appellees, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 8, 1892.

Justice WILLIAMS did not sit in this case.